UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRIAN W. LOWE, )
)
    *Plaintiff*, )
) Case No. 1:15-CV-322
v. )
) Judge Collier
TENNESSEE DEPARTMENT OF )
CORRECTION, DERRICK SCHOFIELD, ) Magistrate Judge Steger
JASON WOODALF, DOUG COOK, )
DAVID FERGUSON, STEVE BICKFORD, )
and PHIL ASBURY, )
)
    *Defendants*.

## **MEMORANDUM OPINION**

This civil matter is before the Court on the motion to dismiss by defendant Steve Bickford ("Defendant") [Doc. 18]. Plaintiff has not filed a response in opposition, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the Court will grant Defendant's motion to dismiss.

## I.    FACTUAL BACKGROUND[1]

Plaintiff is an inmate at Bledsoe County Correctional Complex. On November 23, 2015, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant, alleging Defendant violated his Eighth Amendment rights [Doc. 19]. On June 1, 2015, Defendant instructed Plaintiff to cut wooden slats using a table saw, despite Plaintiff pointing out the lack of a safety

---

[1] For the purposes of addressing the motion to dismiss, the Court takes Plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint") (citations omitted).

guard [*Id.*]. While cutting the wooden slats, Plaintiff injured his left thumb [*Id.*]. He was treated immediately for his injury [*Id.*]. Plaintiff filed his first grievance on August 4, 2015 [*Id.*]. Plaintiff alleges that Defendant knew that two inmates had injured themselves using the same table saw without a safety guard in the four months preceding Plaintiff's injury, but directed Plaintiff to use the table saw anyway [Doc. 2].

## II. STANDARD

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do"—nor will "'naked assertion[s]' devoid of 'further factual enhancement,'" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

When faced with a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* at 679.

Pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even still, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. FAILURE TO EXHAUST

In his motion to dismiss, Defendant asserts that Plaintiff "failed to properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)" [Doc. 18]. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), provides: "No action shall be brought with respect to prison conditions under [§] 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. In addition, a prisoner must exhaust the grievance process to all levels of appeal before filing his complaint. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Failure to follow the correctional facility's grievance procedures, *i.e.*, exhaust administrative remedies, is fatal. *See*

*Williams v. Moore*, 34 F. App'x 475, 477 (6th Cir. 2002); *Black v. Tarver*, 21 F. App'x 285, 286 (6th Cir. 2001).

Defendant raises failure to exhaust as an affirmative defense [Doc. 13]. Specifically, Defendant notes Plaintiff filed a grievance asserting that, on June 1, 2015, he was injured while using a table saw due to the absence of a blade guard [Doc. 19]. Defendant maintains that "[p]er TDOC policy, Plaintiff had seven calendar days to properly file a grievance" [*Id.*] [citing TDOC policy 501.01(VI)(C)(1) ("Grievances must be filed . . . within seven calendar days of the occurrence or the most recent occurrences giving rise to the grievance.")].[2] Defendant argues Plaintiff did not file his grievance until sixty-four days after he was allegedly injured. Plaintiff's grievance was denied as "inappropriate per policy as it was not filed within the (seven) day time limit." [*Id.*].

Defendant notes that on June 16, 2015, Plaintiff's sister attempted to obtain copies of the incident report, but was denied on June 23, 2015 [*Id.* at 2]. Defendant argues that, insofar as Plaintiff asserts that the seven-day limitation began to run after the warden denied his sister's request, Plaintiff still filed his grievance forty-two days after her request was denied [*Id.* at 3].

Upon review, the Court agrees. Because Plaintiff failed to submit a timely administrative grievance regarding his Eighth Amendment claim against Defendant outlined in the § 1983 complaint, this action is subject to dismissal.

---

[2] While matters outside the pleadings are generally not considered when ruling on a Rule 12(b)(6) motion, the Court is permitted to consider certain pertinent documents as "part of the pleadings" when the documents are attached to the motion to dismiss, referred to in the plaintiff's complaint, or central to claim. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.*

**IV.     FAILURE TO RESPOND IN OPPOSITION TO DISMISSAL**

As an alternative basis for dismissal, the Court notes that it may properly dismiss a case for want of prosecution. *See, e.g.*, *Custom v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); Fed. R. Civ. P. 41(b). Failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to and an independent basis for granting the unopposed motion. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

More than three months have passed since Defendant filed the instant motion to dismiss on August 21, 2017 [Doc. 18]. Plaintiff has yet to respond and, by way of such failure, is found to have waived opposition to dismissal of the complaint. *Ellison v. Knox Cty.*, No. 3:15-CV-126, 2016 WL 204472, at *13–14 (E.D. Tenn. Jan. 15, 2016); *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976). As a result, the action will be dismissed.

**V.      CONCLUSION**

For these reasons, the motion to dismiss [Doc. 18] will be **GRANTED** and this case will be **DISMISSED**. The Clerk of Court will be **DIRECTED** to **CLOSE** the case.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                **/s/**_____
                                                **CURTIS L. COLLIER**
                                                **UNITED STATES DISTRICT JUDGE**